# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SAN DIEGO ELECTRICAL HEALTH AND WELFARE TRUST; ANDY BERG AND NICHOLAS SEGURA, Trustees,<br><br>Plaintiffs,<br><br>v.<br><br>MARILEE VICKERS, an individual; STEVEN VICKERS, an individual; and SEAN M. FOLDENAUER, an individual; and the FOLDENAUER LAW GROUP, a California professional law corporation,<br><br>Defendants. | Case No.: 18-cv-0296-BTM-JMA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |

On February 9, 2018, the Court heard oral arguments on Plaintiffs Board of Trustees of the San Diego Electrical Health and Welfare Trust's (the "Healthcare Trust"), Andy Berg's, and Nicholas Segura's motion for a temporary restraining order ("TRO") against Defendants Marilee and Steven Vickers, Sean M. Foldenauer, and the Foldenauer Law Group. (Mot. for TRO, ECF No. 2.) The Court **GRANTED** Plaintiffs' motion for a TRO for the reasons set forth below.

1

# I. FACTUAL BACKGROUND

The Healthcare Trust operates a health care plan under the Labor Management Relations Act of 1947 for current employees of employers that are bound to a collective bargaining agreement with the International Brotherhood of Electrical Workers Local 569. (Verified Compl., ECF No. 1, ¶ 6.) Defendant Steven Vickers is a plan participant and his wife, Marilee Vickers, is a beneficiary. (Id. ¶ 7.) As covered persons under the Healthcare Trust's plan, the Vickers are bound by the terms of the Summary Plan Description ("SDP"). (Id. ¶ 8.) The Healthcare Trust has rights of subrogation and reimbursement in the event a covered person under the plan is injured by a third party. (Id. ¶ 10.) The SDP provides in relevant part:

> **Third Party Claims**
>
> If a Covered Person receives benefits from this Trust for Bodily Injuries or illnesses sustained from the acts or omissions of any third party, the Trust shall have the right to be reimbursed in the event the Covered Person recovers all or any portion of the benefits paid by the Trust by legal action, settlement, or otherwise, regardless of whether such benefits were paid by the Trust prior to or after the date of any such recovery. The Covered Person will not be entitled to receive any benefits for such expenses under this Trust unless they execute a Subrogation Agreement and agrees in writing to the following conditions:
>
> **Reimbursement to Trust**
>
> To authorize reimbursement to the Trust to the extent of all benefits paid by this Trust as a result of such injuries immediately upon obtaining any monetary recovery from any party or organization whether by action at law, settlement or otherwise by virtue of executing a Subrogation Agreement, with the understanding that any and all monies recovered from any third party are to be deposited in an exclusive bank to be established in joint name including the Trust, or into a representing attorney's client trust account. No monies shall be withdrawn from such account without express written acknowledgment and authorization from this Plan's Administrator or legal representative. Any payment received by the participant or the participant's eligible Dependents is subject to a constructive trust.

> Any third-party payment received by the participant or the participant's eligible Dependents must be used first to provide restitution to this Plan to the full extent of the benefits paid or payable under this Plan.

(Id. ¶¶ 10–11.)

To obtain coverage for treatments of injuries caused by third parties, covered persons must sign a subrogation-reimbursement agreement. (Id. ¶ 11.)

On or about May 3, 2014, Marilee Vickers suffered injuries from consuming food that was served and prepared by third parties. (Id. ¶ 9.) The Vickers filed a personal injury action in the California Superior Court of San Diego against various third parties alleged to have caused or contributed to the Vickers' injuries. (Id. ¶ 12.) The Vickers retained Mr. Foldenauer and the Foldenauer Law group to serve as their counsel. (Id.)

Despite the Healthcare Trust's numerous attempts, the Vickers failed to sign the subrogation agreement as required by the SDP. (Id. ¶ 13.) The Healthcare Trust nevertheless paid $149,890.64 for Marilee Vickers' medical costs. (Id. ¶ 14.) After continued failed attempts at obtaining a signed subrogation agreement, counsel for the Healthcare Trust discovered that the Vickers had settled their claims with the third parties for $500,000. (Id. ¶¶ 15–18.) The Healthcare Trust alleges that the Vickers and Mr. Foldenauer intentionally failed to inform it that any settlement had been reached in an attempt to evade or undermine its right to subrogation and reimbursement for the full amount of medical benefits paid. (Id. ¶ 20.) The Vickers, through Mr. Foldenauer, subsequently stated that they would not sign the subrogation agreement. (Id. ¶ 23.)

On January 26, 2018, the Healthcare Trust sought to intervene in the state court action. (Id. ¶ 25.) The Judge set a hearing for February 23, 2018 and asked Mr. Foldenauer to hold the disputed amount in trust pending resolution of the pending motion to intervene and Mr. Foldenauer agreed. (Id. ¶ 26.) Since

1  then, the Healthcare Trust has withdrawn its application for intervention in the
2  state court action and has initiated this action against the Vickers, Mr.
3  Foldenauer, and the Foldenauer Law Group.  (Id. ¶ 27.)  The Healthcare Trust
4  now moves this Court for a TRO fearing that the Vickers may attempt to dissipate
5  the settlement proceeds in an effort to preclude the Healthcare Trust from
6  enforcing its right to reimbursement.

## II.  DISCUSSION

A plaintiff seeking a preliminary injunction or TRO must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).  Alternatively, "serious questions going to the merits and a balance of hardships can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

First, the Court finds that Plaintiffs have at the very least shown serious questions going to the merits of this case.  The Employment Retirement Income Security Act ("ERISA"), § 502(a)(3) permits a fiduciary to bring an action to: "(A) enjoin any act or practice which violates any provision of [an ERISA plan], or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [the terms of the ERISA plan]."  29 U.S.C. § 1132(a)(3); *Sereboff v. Mid Atl. Med. Servs.*, 547 U.S. 356, 361 (2006).  Here, Plaintiffs seek equitable relief to enforce the plan's terms, specifically the third party claims and reimbursement provisions.  Plaintiffs seek reimbursement from "specifically identifiable funds that [are] in the possession and control of the [Defendants]." *Sereboff*, 547 U.S. at 362–63.  Though the Vickers have refused to sign the

subrogation agreement, they are still bound by the terms of the SDP.

Second, absent a TRO, Plaintiffs risk suffering irreparable harm. If Mr. Foldenauer disburses the settlement proceeds to the Vickers, the Healthcare Trust is at risk of losing its remedies under ERISA, as "an equitable lien cannot 'be enforced against general assets when the specifically identified property has been dissipated.'" *Or. Teamster Emp'rs Trust v. Hillsboro Garbage Disposal, Inc.*, 800 F.3d 1151, 1159 (9th Cir. 2015) (quoting *Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1095 (9th Cir. 2012). Third, the balance of equities is in Plaintiffs' favor, as a TRO simply preserves the status quo while the merits of the case are litigated. Lastly, it is within the public's interest to grant Plaintiffs a TRO order and uphold a fiduciary's subrogation and reimbursement rights under ERISA.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTED** Plaintiffs' motion for a TRO.

**IT IS SO ORDERED**.
Dated: February 12, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court